Ervin **HOHENSEE**, Plaintiff,

v.

Thomas **DAILEY** et al., Defendants.

Civ. No. 74–589.

United States District Court,
M. D. Pennsylvania.

Oct. 8, 1974.

As Corrected Oct. 16, 1974.

Ervin Hohensee, pro se.

W. Boyd Hughes, Scranton, Pa., for defendants.

## OPINION

MUIR, District Judge.

Presented to the Court by Defendants' Motion to Dismiss the Plaintiff's complaint is the question of whether 42 U. S.C. § 1983 and § 1985 can protect the asserted right of a tenant in a privately owned and maintained building to remain in his rented apartment upon an attempt by his landlord to evict the tenant where the landlord is not acting under the color of state or federal law and where the actions of the landlord are not motivated by an "invidiously discriminatory animus."

Plaintiff, proceeding pro se, filed a complaint on July 24, 1974 against Thomas and Virginia Dailey who, according to Plaintiff, engaged in a conspiracy with an attorney named Boyd Hughes to force the Plaintiff to vacate his apartment while his lease was still in effect and failing that to "destroy Plaintiff's quiet and peaceful possession" of the apartment. Mr. Hughes was not named as a party to the suit. The Defendants claim that on March 18, 1974 they purchased the apartment house in which Plaintiff's living quarters are located from its former owner, Mrs. Esther Brandwene. On the date of the purchase Plaintiff was allegedly notified by the Defendants that the automatical-

ly renewing year to year lease which he had signed on September 15, 1971 with Mrs. Brandwene had been assigned to the Daileys and was to be terminated at the end of the leasing period, April 30, 1974. After receiving no reply from Hohensee, the Daileys claim that they further notified all the tenants of the building on April 29, 1974 that the premises would have to be vacated by May 15, 1974. Hohensee refused to accept his mail containing the aforementioned notifications and a landlord and tenant complaint was subsequently filed against the Plaintiff. The complaint issued from a District Magistrate's office in Lackawanna County on July 3, 1974.

In Counts XIV and XV of his complaint the Plaintiff characterizes the landlord-tenant action taken by the Defendants as a "sham" complaint intended to harass the Plaintiff.[1]

The action filed before the District Magistrate was first held in abeyance by the Magistrate in order to allow the plaintiff to assert whatever rights to which he was entitled. Then a hearing was held before the District Magistrate. Hohensee acknowledges that an appeal was taken to the Court of Common Pleas of Lackawanna County by him from the Magistrate's ruling although he denies that the District Magistrate ruled adversely to his defense of the Daileys' action.

The Plaintiff has asked for damages and injunctive relief in his federal court action including what the Court has construed as a request for a preliminary injunction. The Court held a hearing on the preliminary injunction on August 19, 1974. On August 12, 1974, the Defendants had moved to dismiss the complaint under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The issues have been briefed by both parties and the motion will be granted.

Hohensee asserts jurisdiction in this Court pursuant to 28 U.S.C. §§ 1331 and 1343; actions involving a federal question arising under the laws or Constitution of the United States. Specifically, Hohensee asserts the protection of the "due process" and "equal protection" clauses of the Federal Constitution. The Court will assume for purposes of this motion that the Plaintiff desires to proceed under the XIVth Amendment to the Federal Constitution, as it is that Amendment which applies "due process" and "equal protection" to the states. Sections 1331 and 1343 of the United States Code do not comprise substantive law but are merely directional signs pointing to the appropriate statutes. The Plaintiff does not cite the applicable statute. The briefs of both parties indicate, however, that in referring to "due process" and "equal protection" the Plaintiff intends to assert the protections of 42 U.S.C. §§ 1983 and 1985.[2]

In deciding Defendants' motion to dismiss, the Court is constrained to take all

1. ¶ XIV states: "Because Hohensee did not succumb to the offenses and overt acts particularized above, Thomas and Virginia Dailey conspired with attorney Boyd Hughes to file a sham 'landlord and tenant complaint,' B12506, CNLT1974-2097, which was filed on July 3, 1974, with the District Magistrate, Charles B. Davis, to deprive Hohensee of the civil and other rights, making fraudulent use of legal proceedings." ¶ XV states "All representations made by defendants in said complaint were false and known by them to be false and were made with the intent to and did cheat and defraud Plaintiff out of his quiet and peaceful possession of the apartment and was a result of a deliberate plan and conspiracy between the defendants and Boyd Hughes to cheat and defraud him thereof."

2. The Court takes a dim view of ¶ 1 of Hohensee's complaint which states the purported citizenship of the parties in this action. The complaint recites that the defendants are citizens of Pennsylvania while the Plaintiff is a citizen of the State of Maryland. This Court after full hearing has found in another action by the same Plaintiff, where jurisdiction was predicated in part upon diversity of citizenship, that Ervin Hohensee was not a citizen of the State of Maryland, but in fact was a citizen of Pennsylvania. Hohensee et al. v. Grier et al., D. C., 373 F.Supp. 1358 filed April 5, 1974.

of the Plaintiff's facts as constituting the truth. Even under this strict standard the Court has no difficulty in finding that the Plaintiff has not stated a cause of action under §§ 1983 and 1985 of the United States Code.

§ 1983 of the Civil Rights Act guarantees to every person who is a citizen of the United States and within the jurisdiction thereof the "rights, privileges, or immunities secured by the Constitution and laws." Suit against one said to be depriving a person of his rights under the Constitution or laws of the United States may only proceed against a defendant said to be acting "under color of any statute, ordinance, regulation, custom, or usage" of any state. Reading Plaintiff's complaint as liberally as possible the Plaintiff does not allege that the State of Pennsylvania was in any way involved in the supposed deprivation of his Constitutional rights by the Defendants. At most Hohensee may be interpreted as claiming that the Defendants have utilized the State law to his detriment. The mere fact that an individual utilizes state process against another does not make the actor's conduct cognizable as state action. Gibbs et al. v. Titelman et al., 502 F.2d 1107 (3d Cir., filed August 1, 1974). A private party may be brought under the purview of § 1983 when a plaintiff alleges a conspiracy between that private party and one acting under color of state law. At the least a Petitioner must allege active cooperation by the state in the private party's conduct in order for state action to be present. Gilmore et al. v. City of Montgomery, Ala. et al., 417 U.S. 556, 94 S.Ct. 2416, 41 L.Ed.2d 304 (decided June 17, 1974); Phillips et al. v. Trello et al., 502 F.2d 1000 (3d Cir., filed July 26, 1974).

In Gilmore v. City of Montgomery, supra, the defendant municipality permitted organizations known to discriminate against Negroes to utilize its park facilities to the exclusion of other park users. The Court found that the city's policy fostered and contributed in a significant way to denial of "due process" and "equal protection" of the laws to the black citizens of Montgomery, Alabama. No such state involvement is alleged or appears present in the case herein. The Plaintiff merely accuses the defendants of utilizing an otherwise legal regime, to carry out what Hohensee considers to be an illegal eviction by the Daileys. Neither is the doctrine of the Phillips case, supra, called upon by the allegations of Hohensee's complaint. Plaintiff, Frank Phillips and others, had clearly charged that private individuals conspired with state officials to deprive them of their constitutional rights. While Hohensee alleges the existence of a conspiracy between Thomas and Virginia Dailey with attorney Boyd Hughes, there is no suggestion whatsoever that the District Magistrate or any other state official has acted to violate Hohensee's constitutional rights. The mere fact that Mr. Hughes is an attorney is not enough to invoke the state action concept. See Steward v. Meeker, 459 F.2d 669 (3d Cir., 1972). The paragraphs of Hohensee's complaint referring to conspiracy describe an action in the nature of the tort of malicious prosecution.

We now turn to a discussion of the application of § 1985 of the Civil Rights Act. Defendants assert and the Plaintiff does not contest that sub-sections 1 and 2 of § 1985 cannot apply to this case. Those sections apply to suit against a defendant who attempts to

---

The Defendants in the instant situation are different from those in the other Hohensee case. The Court need not apply the doctrine of res judicata because the ultimate disposition of this case does not rest upon a diversity inquiry. However, it is instructive to take note that although under seemingly identical conditions prevailing in another current case where Ervin Hohensee asserted that he was a resident of Maryland and a contrary conclusion was reached by the Court, he again would have the Court believe that he is a Maryland citizen.

prevent a state or federal officer from performing his duties or who intimidates a party, witness or juror in a legal proceeding. Sub-section 3 of § 1985 makes actionable a conspiracy between private parties who do not act under color of state law, to "go" in "disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law." At first blush this section might appear to allow the Plaintiff to proceed with his nebulous and ill-defined equal protection argument against the defendants. The parameters of § 1985(3) are drawn by Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Griffin, at p. 101, 91 S.Ct. at p. 1798 stated: "That the statute was meant to reach private actions does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others." Griffin explained that the words "equal protection" and "equal privileges and immunities" must be given the meaning customarily given to them by cases discussing the equal protection protection clause of the Federal Constitution. To deny someone equal protection or equal privileges and immunities there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge at p. 102, 91 S. Ct. at p. 1798. The only kind of discrimination alleged in Hohensee's complaint involves accusations of personal hostility and animosity usually associated with state actions arising in tort. Hohensee makes no allegation in his complaint and brought forth none at the hearing on the preliminary injunction which would indicate that he is a member of any class, race, or other category against which the Defendants have formed an illegal conspiracy. The Circuit Courts which have had the opportunity to rule on the scope of § 1985(3) have uniformly held that a private business decision to deprive a person of a property interest does not without some discriminatory purpose based upon invidious class discrimination or involving some state action give rise to a right of action against such individuals. See, for example, Dombrowski v. Dowling, 459 F.2d 190, 196 (7th Cir. 1972); and Arnold v. Tiffany, 487 F.2d 216 (9th Cir. 1973). Since § 1985(3) only recognizes a right of action against private individuals conspiring to deprive a person of his rights under the equal protection clause of the Constitution, any other constitutional deprivations allegedly visited upon Hohensee by the Defendants cannot be recognized under this section of the Civil Rights Law.

 The Defendants' motion to dismiss the Plaintiff's complaint for failure to state a cause of action upon which relief can be granted will be treated as a motion for Summary Judgment under Rule 56 F.R.Civ.P. as matters outside the pleadings have been presented to the Court.

An appropriate order will be entered.