Paul E. **MEYER**

v.

James J. **CURRAN** et al.

Paul E. **MEYER**

v.

**WISCONSIN SURETY CORPORATION** et al.

Civ. A. Nos. 75–400, 75–520.

United States District Court,
E. D. Pennsylvania.

July 15, 1975.

**514**

Paul E. Meyer, pro se.

Lawrence D. Berger, Philadelphia, Pa., F. Murray Bryan, Harrisburg, Pa., for defendants.

### OPINION

LUONGO, District Judge.

Various defendants have filed motions to dismiss in Civil Action 75–400 and in Civil Action 75–520. These cases are the latest in a series filed by *pro se* plaintiff Paul Meyer arising out of litigation in Schuylkill County. (See earlier opinions of this court in *Meyer v.*

*Lavelle,* 64 F.R.D. 533 (E.D.Pa.1974) and 389 F.Supp. 972 (E.D.Pa.1975)). A brief history of the previous litigation which provides the backdrop for the present actions will be helpful to an understanding of the present motions.

### BACKGROUND

Meyer, a plumbing contractor, defaulted on a contract in late 1972. Wisconsin Surety Corporation (Wisconsin Surety), which had bonded Meyer's performance, completed the contract and then sued Meyer in the Court of Common Pleas of Schuylkill County.[1] That case was tried before a jury on June 3 and 4, 1974, and a verdict and judgment upon the verdict were entered in favor of Wisconsin Surety and against Paul Meyer in the amount of $77,358.58. No post trial motions were filed.

Meyer sought relief from the state proceedings in federal court. In C.A. 74–586 (filed March 12, 1974) Meyer, alleging a violation of 42 U.S.C. § 1983, sought to enjoin the then pending state court action. In C.A. 74–1442, filed after return of the adverse jury verdict (June 11, 1974), Meyer, again alleging a violation of 42 U.S.C. § 1983, sought an award of $77,358.58 (the amount of the state court verdict) in punitive damages. Included among the defendants named in each suit were Wisconsin Surety and the state judge who presided at Meyer's trial.

While these federal actions were pending, Wisconsin Surety moved to enforce its judgment. A writ of execution attaching Meyer's home and place of business was issued by the Schuylkill County Prothonotary's office. The writ was delivered to the County Sheriff on September 11, 1974 and a sale of the property was scheduled for October 11, 1974. A motion in this court seeking a preliminary injunction in C.A. 74–1442 to stay the sale was denied on October 3, 1974, and the sale proceeded as scheduled. The

---

1. *Wisconsin Surety Corporation v. Paul E. Meyer and Paul E. Meyer and Betty L. (Meyer) Lanzendorfer,* C. P. Schuylkill County, No. S–226, May Term, 1973, in assumpsit.

Court of Appeals also denied injunctive relief (October 16, 1974) and subsequently dismissed the appeal. (Court of Appeals' No. 74–2007, January 6, 1975).

On November 12, 1974, I filed an opinion setting aside an entry of default entered against the state judge in C.A. 74–586 and granting his motion for dismissal in C.A. 74–1442. I filed a second opinion on February 18, 1975, dismissing all remaining defendants in each of those actions. Meyer filed C.A. 75–400 on February 10, 1975 and, on February 21, 1975, filed his fourth action, C.A. 75–520.

In C.A. 75–400, Meyer alleges violations of 42 U.S.C. § 1983 and § 1985(3) of the Civil Rights Acts. Named as defendants are Wisconsin Surety, James J. Curran, Jr. (Curran), an attorney, and Paul Sheers, Sheriff of Schuylkill County (Sheriff Sheers). The complaint, as amended, requests $250,000 in damages from each defendant.

In C.A. 75–520, Meyer asserts jurisdiction under 28 U.S.C. § 1343(3) and claims that certain Pennsylvania Rules of Civil Procedure governing execution of judgment which were followed in attaching Meyer's home, namely Rules 3102 [2] and 3252,[3] violate the Fourteenth Amendment. Wisconsin Surety, Sheriff Sheers and the Prothonotary of Schuylkill County, Edward M. Dougherty (Prothonotary Dougherty) are named as defendants. Meyer seeks an injunction restraining Sheriff Sheers and Prothonotary Dougherty from implementing the

2. Rule 3102 provides:
"Writ of Execution

Except as provided in Rule 3252, a judgment shall be enforced by a writ of execution substantially in the form provided by Rule 3252."

3. Rule 3252 provides:
"Writ of Execution—Money Judgments
The writ of execution shall be substantially in the following form:

[Caption]
WRIT OF EXECUTION

Commonwealth of Pennsylvania ⎫
County of _____ ⎬
To the Sheriff of _____ County:
To satisfy the judgment, interest and costs against (Name of Defendant), defendant;

(1) you are directed to levy upon the property of the defendant and to sell his interest therein;

(2) you are also directed to attach the property of the defendant not levied upon in the possession of (Name of Garnishee), as garnishee, (Specifically describe property) and to notify the garnishee that

(a) an attachment has been issued;

(b) the garnishee is enjoined from paying any debt to or for the account of the defendant and from delivering any property of the defendant or otherwise disposing thereof.

(3) if property of the defendant not levied upon and subject to attachment is found in the possession of anyone other than a named garnishee, you are directed to notify him that he has been added as a garnishee and is enjoined as above stated.

Amount due $_____
Interest from _____ $_____
[Costs to be added] $_____

(Name of Prothonotary (Clerk))

Seal of the Court

By (Deputy) _____

Date _____
Adopted March 30, 1960. Eff. Nov. 1, 1960."

provisions of these rules and, pursuant to 28 U.S.C. § 2281, asks that a three-judge court be convened. Meyer also requests an order vacating the attachment[4] of his house and an award of appropriate damages against Wisconsin Surety.

■ Curran and Sheriff Sheers have filed a motion to dismiss in C.A. 75–400[5] and Sheriff Sheers and Prothonotary Dougherty have filed a motion to dismiss in C.A. 75–520,[6] Rule 12(b), F. R.C.P. I am mindful of the special liberality afforded the pleadings of *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and that a motion to dismiss may not be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

I will consider first the motion filed in C.A. 75–520.

*Civil Action No. 75–520*

Title 28 U.S.C. § 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

■ The inquiry of a district court judge on application to convene a three-judge court is limited to a determination of whether the complaint has stated a substantial federal question and a basis for equitable relief. *Farley v. Farley*, 481 F.2d 1009 (3d Cir. 1973). As the Supreme Court recently stated in *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973):

"'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' *Bailey v. Patterson*, 369 U.S. [31], at 33, 82 S.Ct. [549], at 551 [7 L.Ed.2d 512]; 'wholly insubstantial,' *ibid.*; 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U. S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); and 'obviously without merit,' *Ex parte Poresky*, 290 U.S. 30, 32, 54 S.Ct. 3, 4–5, 78 L.Ed. 152 (1933). The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if '"its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy."' *Ex parte Poresky*, *supra*, at 32, 54 S.Ct. at 4, quoting from *Hannis Distilling Co. v. Baltimore*, *supra*, 216 U.S., at 288, 30 S.Ct. at 327; see also *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105–106, 53 S.Ct. 549,

---

4. Evidently, even though a sale has occurred, no deed has yet been issued.

5, 6. No motion has been filed by Wisconsin Surety Corporation in either action. On March 20, 1975, the Commissioner of Insurance of the State of Wisconsin, pursuant to state law, was appointed Rehabilitator of the Wisconsin Surety Corporation. By let-

ters filed April 15, 1975, the designated representative of the Rehabilitator petitioned this Court for and obtained a stay of proceedings in C.A. 75–400 and C.A. 75–520 for 90 days to enable the Rehabilitator to review all proceedings affecting Wisconsin Surety Corporation.

550, 77 L.Ed. 1062 (1933); *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909)."

Even when judged under this restrictive standard, Meyer has failed to present a substantial federal question.

■ Meyer, citing *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), contends that Rules 3102 and 3252, Pa.R.C.P., unconstitutionally permit seizure of property without notice and hearing in violation of the due process clause of the Fourteenth Amendment. *Fuentes* held only that *prejudgment* replevin provisions of the Florida and Pennsylvania statutes violated due process by failing to provide notice and a "fair prior hearing" before the seizure. *Fuentes* at 96, 92 S.Ct. 1983. Rule 3102, as noted earlier, provides that: "a *judgment* shall be enforced by a writ of execution substantially in the form provided by Rule 3252." (Emphasis added) Rule 3102 and the form writ specified in Rule 3252 apply only after entry of judgment and, to the extent Meyer alleges that the execution was a "prejudgment attachment," his claim is totally without merit.

Throughout these proceedings, Meyer has assumed that the federal courts have jurisdiction and stand ready to correct any errors that occur in the course of a state proceeding. Thus, Meyer's central contention in C.A. 75–520 and in C.A. 75–400 is that due process is violated whenever an attachment of property occurs without notice and hearing after a state judgment but before culmination of pending federal litigation. The essential elements of due process were summarized succinctly in *Boddie v. Conn.*, 401 U.S. 371, 377–378, 91 S.Ct. 780, 785–786, 28 L.Ed.2d 113 (1971):

"Prior cases establish, first that due process requires, at a minimum that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportuniy to be heard. Early in our jurisprudence, this Court voiced the doctrine that '[w]herever one is assailed in his person or his property, there he may defend,' *Windsor v. McVeigh*, 93 U.S. 274, 277, 23 L.Ed. 914 (1876). *See Baldwin v. Hale*, 1 Wall. 223 [68 U.S. 223], 17 L.Ed. 531 (1864); *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897). . . . Although '[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause,' as Mr. Justice Jackson wrote for the Court in *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), 'there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.' *Id.* at 313, 70 S.Ct. at 656."

■ Due process requires notice and opportunity for a hearing before seizure of property, for "[t]he touchstone of due process is protection of the individual against arbitrary action of government . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). Again, Rules 3102 and 3252 governing execution become applicable only after entry of the state court judgment. In addition, Meyer admitted that he received notice of the state proceedings and that a jury trial was held and judgment entered against him prior to commencement of the state execution procedures. The due process clause neither prohibits executions upon a state judgment nor requires a stay of state proceedings when related claims are pending in the federal courts.

■ Meyer next contends that due process was violated because he received no notice and hearing *before* the writ of execution was issued. Meyer knew that judgment had been entered against him and he also admitted having received notice of the Sheriff's sale. This would appear to be sufficient. Meyer has cited no case and I have found none requiring,

under the due process clause personal notice and hearing at *every* stage of the state execution process.

■ Finally, Meyer returns to his initial argument and contends that the execution was a form of "prejudgment attachment" because he was denied a "fair prior hearing." Meyer thereby again attempts to attack the final judgment of the state court and relitigate issues which could have been decided in the state proceedings. The principles of *res judicata* bar such review. *Meyer v. Lavelle*, 389 F.Supp. 973, 976 (E.D.Pa. 1975), and citations contained therein.

Since Meyer has failed to state a substantial federal question, a three-judge court need not be convened and the motion of Sheriff Sheers and Prothonotary Dougherty to dismiss C.A. 75–520 will be granted.

*Civil Action No. 75–400*

Meyer alleges in his complaint that Curran, a "free representative" of Wisconsin Surety in causing a writ of execution to issue (Count I) and "acting in concert" with Sheriff Sheers and Wisconsin Surety (Count III) violated his civil rights by seizing property before culmination of the pending federal litigation.[7] I have already determined that the state execution procedures followed in attaching and selling Meyer's house raise no sustantial federal question. This alone would warrant dismissal of this suit because Meyer has failed to allege a constitutionally cognizable injury. There are, however, additional reasons requiring dismissal of this suit.

(a) *Count I.*

Title 42 U.S.C. § 1983 provides as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ Section 1983 prescribes two elements as requisite for recovery: (1) the conduct complained of must have been done by some person acting under color of state law, and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. *Basista v. Weir*, 340 F.2d 74, 79 (3d Cir. 1965).

■ An attorney, although an "officer of the court," is not a state official, *Stewart v. Meeker*, 459 F.2d 669 (3d Cir. 1972), and Curran's use of state process to secure the writ of execution, without more, does not constitute action under color of state law. In *Hohensee v. Dailey*, 383 F.Supp. 6 (M.D.Pa. 1974), a tenant alleged that an eviction action instituted by the landlords and their attorney violated the Civil Rights Acts. The court, citing the recent Third Circuit case of *Gibbs v. Titelman*, 502 F.2d 1107 (1974), held that the defendants had not acted under color of state law, at 9: "The mere fact that an individual utilizes state process against another does not make the actor's conduct cognizable as state action." See also, *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974); and *Mullarkey v. Borglum*, 323 F.Supp. 1218 (S.D.N.Y.1970). Count I thus fails to state a claim under § 1983.

Count I also alleged that Curran's actions violated § 1985(3). This statutory provision will be discussed under Count III of Meyer's complaint. See pp. 10 and 11, *infra*.

(b) *Count III.*

■ Count III alleges that Wisconsin Surety, Curran and Sheriff Sheers, in violation of § 1983 and § 1985(3), conspired to deprive Meyer of

---

7. Count II of the complaint contained allegations pertaining solely to Wisconsin Surety.

his constitutional rights. In this Circuit, complaints under the Civil Rights Acts must be stated with specificity. Conclusory allegations, unsupported by facts, are insufficient to sustain a claim under § 1983, *Kauffman v. Moss,* 420 F. 2d 1270 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967); or under § 1985(3), *Robinson v. McCorkle,* 462 F.2d 111 (3d Cir.), *cert. denied,* 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972). As this Circuit stated in *Rodes v. Municipal Authority,* 409 F.2d 16, 17 (3d Cir.), *cert. denied,* 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969): "A plaintiff is required to set forth alleged misconduct and resultant harms in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance." Meyer has alleged only that the three named defendants acted in concert. The complaint is totally devoid of any facts which would support a conclusion that a conspiracy to seize Meyer's home existed. Count III thus fails to state a claim under either §§ 1983 or 1985(3).

Even if sufficient conspiracy allegations were present, there are yet further grounds requiring dismissal of this count. For purposes of stating a claim under § 1983, private persons, when acting jointly with a state officer, are considered as acting under color of state law. *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). It is well established, however, that private persons cannot conspire with one entitled to immunity, since, in such event, there is no person acting under color of law "against whom [plaintiff] could state a valid claim." *Haldane v. Chagnon,* 345 F.2d 601, 604 (9th Cir. 1965); *see Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974); cited in *Waits v. McGowan,* 516 F.2d 203 (3d Cir. 1975); *Guedry v. Ford,* 431 F.2d 660 (5th Cir. 1975). See also *Sykes v. State of Calif. (Dept. of Motor Vehicles),* 497 F.2d 197, 202 (9th Cir. 1974).

Sheriff Sheers acted pursuant to court process when he attached Meyer's property and is therefore immune from suit. As the Third Circuit stated in *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (1969): "In addition to the recognized immunity enjoyed by judicial and quasi-judicial officers, . . . there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit." And see *Waits v. McGowan,* 516 F.2d 203 (3d Cir. 1975); and *Gigliotti v. Redevelopment Authority,* 362 F.Supp. 764 (W.D. Pa.1973), *aff'd,* 492 F.2d 1238 (3d Cir. 1974) (table). Since Sheriff Sheers, acting pursuant to court order, is immune, Count III of the complaint fails to state a claim under § 1983.

Meyer's complaint also fails to state a claim under § 1985(3) which provides, in pertinent part:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against one or more of the conspirators."

This statutory provision, in contrast to § 1983, does proscribe conduct of purely private persons. In order to state a claim under § 1985(3), however, it must be alleged that two or more persons have conspired or have gone "in

**520**

disguise on the highway or on the premises of another" for the "purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." In order to avoid the "constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law," the Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), defined the word "purpose" as limiting the scope of suits permissible under this statute: "The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." (Italics in original)

 Count I of the complaint failed to allege that Curran either conspired or went "in disguise" upon Meyer's property and thus stated no claim under § 1985(3). Count III did allege a conspiracy, but it failed to allege that this conspiracy was formed for any statutorily prohibited purpose. The complaint contains no allegation of any racial or other class-based animus motivating the conspirators' actions and this count also fails to state a claim under § 1985(3). See *Waits v. McGowan*, 516 F.2d 203 (3d Cir. 1975); *Richardson v. Miller*, 446 F.2d 1247 (3d Cir. 1971); and see also *Arnold v. Tiffany*, 487 F.2d 216 (9th Cir. 1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974); *O'Neil v. Grayson County War Memorial Hospital*, 472 F.2d 1140 (6th Cir. 1973); *Bricker v. Crane*, 468 F.2d 1228 (1st Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973); *Hughes v. Ranger Fuel Corp., Div. of Pittston Co.*, 467 F.2d 6 (4th Cir. 1972).

The motions of Curran and Sheriff Sheers to dismiss C.A. 75–400 will be granted.