**Henry MINISCALCO, Donna Miniscalco, Miniscalco Corp., Plaintiffs,**

v.

**Conrad GORDON, James B. Speers, Bridgeport Materials Inc., Defendants.**

Civil A. No. 95–2972.

United States District Court, E.D. Pennsylvania.

Feb. 26, 1996.

---

Robert H. Dickman and Lorraine Gazzara Romolini, Goldberg and Dickman, Philadelphia, PA, for plaintiffs.

Michael T. Sellers, Kardos, Rickles, Sellers & Heley, Newtown, PA, and Gene A. Foehl, Media, PA, for defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Plaintiffs, Henry and Donna Miniscalco and Miniscalco Corporation, brought this action claiming deprivation of their civil rights in violation of 42 U.S.C. § 1983, intentional infliction of emotional distress, and abuse of process. Defendant Conrad H. Gordon has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons that follow, I will grant Gordon's motion in part and deny it in part. The other two defendants, James B. Speers and Bridgeport Materials, Inc. ("Bridgeport"), have also filed a motion to dismiss. Their motion will be addressed separately at a later date.

## BACKGROUND

Plaintiffs' complaint alleges the following: In April of 1994, Bridgeport, acting through its officer and agent, James B. Speers, filed a civil complaint against "Henry Miniscalco, *Individually* DBA Petroleum Technologies" in Montgomery County, Pennsylvania. (Complaint at ¶ 10, emphasis added.) At a

hearing on the complaint, the state court district justice, acting *sua sponte*, amended the designation of the defendant to read "H. Miniscalco *Inc.*, DBA Petroleum Technologies." (Complaint at ¶ 11, emphasis added.) On or about November 4, 1994, he signed an Order of Execution against "H. Miniscalco, *Inc.* DBA Petroleum Tec" and gave it to defendant Conrad H. Gordon, a constable of the Commonwealth of Pennsylvania, for service and levy. (Complaint at ¶ 12, emphasis added.) Gordon, acting for or on behalf of the other defendants, altered the document or caused it to be altered so that it appeared to be issued against "H. Miniscalco, *IND*, DBA Petroleum Tec." He then purported to levy upon and seize personal property belonging to the individual plaintiffs and posted notices of levy and sale. (Complaint at ¶¶ 13–14.)

Plaintiffs list four causes of action in the complaint. In the first, the two individual plaintiffs claim a violation of their civil rights pursuant to 42 U.S.C. § 1983. In the second, the corporate plaintiff claims a violation of its civil rights pursuant to 42 U.S.C. § 1983. In the third, the individual plaintiffs claim intentional infliction of emotional distress under the common law of Pennsylvania. In the fourth, all the plaintiffs claim abuse of process under the common law of Pennsylvania.

## DISCUSSION

### A. The Legal Standard

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). In deciding whether to grant the motion, I must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). The

issue in a 12(b)(6) motion is not whether the plaintiffs will ultimately prevail, but rather whether they would be entitled to relief under any set of facts consistent with the claims set forth in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

### B. The Corporate Plaintiff

The complaint alleges nothing suggesting that the corporate plaintiff, Miniscalco Corporation, suffered any actual damage or legal wrong as a result of defendants' alleged misdeeds. While the complaint alleges in conclusory terms that the corporate plaintiff suffered a deprivation of its constitutional rights and was required to spend substantial sums of money to defend itself and its property, the facts of the complaint do not support these allegations. The claims of the corporate plaintiff will therefore be dismissed without prejudice.

### C. Intentional Infliction of Emotional Distress

The United States Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court will recognize the tort of intentional infliction of emotional distress. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1274 (3d Cir.1979); *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 85 (3d Cir.1987). While the Supreme Court of Pennsylvania has not yet formally recognized the tort,[1] the Pennsylvania Superior Court has adopted Section 46 of the Restatement (Second) of Torts, which sets it out. *See Stoddard v. Davidson*, 355 Pa.Super. 262, 513 A.2d 419, 422 n. 1 (1986).

The tort has three elements: "the conduct must be 'extreme and outrageous', be 'intentional or reckless', and cause severe emotional distress." *Wisniewski*, 812 F.2d at 85 (quoting *Chuy*, 595 F.2d at 1273). The standard of the Restatement is difficult to meet:

It has not been enough that the defendant has acted with an intent which is tortious

---

**1.** Several months after the Third Circuit decision in *Wisniewski*, the Pennsylvania Supreme Court used section 46 of the Restatement (Second) of Torts in deciding that the plaintiff had not met with its requirements. It stated that it had "nev-

er had occasion to specifically adopt section 46," and it "left to another day the question of the viability of section 46 in Pennsylvania." *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988, 988–89 (1987).

or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Restatement (Second) of Torts § 46, comment d. As noted by the Third Circuit, Pennsylvania courts have been reluctant to find conduct so outrageous as to permit recovery for this tort. *Clark v. Township of Falls*, 890 F.2d 611, 623 (3d Cir.1989).

▮ In this case, the plaintiffs allege that they suffered from "anxiety, distress, discomfort and embarrassment" as a result of the defendants' actions. (Complaint at ¶ 18.). In addition, they allege in a conclusory fashion that the conduct of the defendants was "extreme and outrageous," "intentional and reckless," that it "caused Plaintiffs severe emotional distress," and that it "constitutes intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania." (Complaint at ¶¶ 28–31.). Defendant Conrad claims the allegations in the complaint do not support a claim of intentional infliction of emotional distress. While it may turn out that plaintiffs cannot sustain their claim, at this stage in the litigation, I cannot say that there are no facts they could prove consistent with the allegations in the complaint that would support their claim. I will therefore deny defendant's motion to dismiss plaintiffs' claim for intentional infliction of emotional distress.

### D. Abuse of Process

▮ Plaintiffs state in their complaint, "The actions of Defendants in altering or causing to be altered the execution documents constituted an abuse of process and a misuse of process under the common law of

the Commonwealth of Pennsylvania."[2] (Complaint at ¶ 33.) Defendant contends there is no cause of action for abuse of process because he was given an order of execution based on a valid judgment, and "[ ]there is no cause of action for abuse of process . . . if [defendant] merely carried out the process to its intended conclusion." (Defendant's motion to dismiss, unpaginated.)

Defendant correctly states the law, but to survive a motion to dismiss, plaintiff need only allege facts that, if proven, would state a cause of action. In this case, the complaint alleges that Gordon was given an order of execution based on a valid judgment, but that he failed to carry it out to its intended conclusion. Instead, acting for and on behalf of the other defendants, he allegedly altered the order or caused it to be altered, served it on an authorized recipient, and initiated a levy on and sale of his property. Gordon argues there is no cause of action because he "merely carried out the process to its intended conclusion;" however, the complaint alleges that he did not carry out the process to its intended conclusion and that he acted with improper motive, thereby alleging the elements necessary to state a cause of action for abuse of process. Gordon's motion to dismiss this count must therefore be denied.

In arguing that plaintiffs' abuse of process claim should be dismissed, Gordon also contends that the law requires a person to incur a direct deprivation of property to sustain the claim. The opinion he cites for his position, *Denenberg v. Am. Family Corp. of Columbus, Ga*, 566 F.Supp. 1242, 1249 (E.D.Pa. 1983), has been superceded by an opinion of the Pennsylvania Supreme Court holding that seizure or deprivation of property is not an indispensable element of the tort of abuse of process. *McGee v. Feege*, 517 Pa. 247, 535 A.2d 1020, 1026 (1987).

### E. The Section 1983 Claim

▮ Defendant, in his motion to dismiss, appears to be claiming absolute immunity because he was acting in his official capacity pursuant to an order issued by a district

---

**2.** Plaintiffs are apparently unaware that misuse of process has been codified in Pennsylvania, 42 Pa.C.S.A. § 8351–54, and that, in any case, it is not applicable to the facts they allege. It refers to the wrongful initiation of process, not its perversion after it was properly issued, as does abuse of process. *See McGee v. Feege*, 517 Pa. 247, 535 A.2d 1020 (1987).

justice. He cites *Meyer v. Curran*, 397 F.Supp. 512, 519 (E.D.Pa.1975), in which this court held that a private individual who was deemed to have acted under the direction of a state official who was clothed with absolute immunity enjoyed the immunity of that state official.[3] Defendant also cites *Winterhalter v. Three Rivers Motors Co.*, 312 F.Supp. 962, 963 (W.D.Pa.1970), in which the court held that police constables who served a warrant issued to them by a magistrate, acted "as an arm of the judicial power and are ... immune from suit under the Civil Rights Act." However, in those cases, there was no allegation that the defendant had failed to carry out his duties faithfully and as the official intended. The question in this case is whether judicial immunity attaches to a constable who, acting as the arm of the court in carrying out an order of execution, allegedly altered that order so as to thwart the intention of the district justice and pervert the judicial process. Defendant has cited no authority holding or even suggesting that a constable acting in this manner is immune from suit under section 1983, and I know of none.[4]

Finally, the defendant has moved to dismiss the complaint on the ground that the statute of limitations has expired. He does not mention the issue in his memorandum of law, however, and complaint does not contain the information which would allow the relevant calculations to be made.

## CONCLUSION

As indicated in the foregoing, I will grant defendant's motion in part and deny it in part, and will dismiss a portion of the complaint with leave to amend.

---

3. *Meyer v. Curran* may no longer be good law. In *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 937 (3d Cir.1984), *cert. denied*, 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 150 (1984), the United States Court of Appeals for the Third Circuit stated that the Supreme Court had by implication rejected the reasoning of *Meyer* in *Dennis v. Sparks* 449 U.S. 24, 29–31, 101 S.Ct. 183, 187–88, 66 L.Ed.2d 185 (1980).

4. Defendant may have intended to claim qualified immunity in addition to absolute immunity, but he failed to argue it.