John STEWARD, Appellant,

v.

David J. MEEKER.

No. 71–1660.

United States Court of Appeals, Third Circuit.

Submitted April 17, 1972.

Decided May 2, 1972.

John Steward, pro se.

Frank W. Cerutti, De Servo, Cerutti, Lombardi & Fitzpatrick, Jersey City, N. J., for appellee.

Before ADAMS, GIBBONS, and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In this action brought under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, the plaintiff, John Steward, sues David Meeker, the attorney who represented him in 1969 when Mr. Steward was charged with, and pleaded guilty to, several violations of New Jersey law. The district court granted Mr. Meeker's motion for summary judgment, and Mr. Steward has appealed.

Summary judgment was properly granted because the allegations of plaintiff's complaint, if true, could not meet the jurisdictional requirements of either section 1983 or section 1985.

Section 1983 creates a cause of action against "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ." deprives another of his civil rights. Although an attorney is an officer of the court, as privately retained counsel, Mr. Meeker owed an absolute duty of loyalty to his client,

2. Cummins Diesel Sales Corp. v. United Sttaes, 323 F.Supp. 1114 (S.D.Ind., 1971).

N.J.S.A. 2A:158A–11. Consequently, Mr. Meeker was acting as a private person in his representation of Mr. Steward, and was not acting under color of law within the meaning of section 1983. Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972).

 Section 1985 deals solely with conspiracies to interfere with civil rights, and specifically refers to the situation where "two or more persons . . conspire." Mr. Steward alleges wrongdoing on the part of Mr. Meeker alone.

Because the allegations of the complaint failed to meet the requirements of either section of the Civil Rights Act under which the suit was filed, the judgment of the district court granting defendant's motion for summary judgment will be affirmed.