Burl Anderson HOWELL, Appellant

v.

Judge Robert B. YOUNG, Kent County Superior Court, acting in his official capacity; Justice Henry DuPont Ridgley, Kent County Superior Court President, in his official capacity; Justice Jack B. Jacobs, Vice Chancellor of Sussex Co. Ct. of Chancery, in his official capacity; Commissioner Andrea Maybee Freud, Commissioner of Kent County Superior Court, in her official capacity; Margaret Ann Warren, citizen of Delaware; Brown Sheils & O'Brien, corporation of Delaware; H. Cubbage. Brown, Jr., attorney of Delaware; William M. Chasanov, attorney of Delaware.

No. 13–1281.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 June 13, 2013.

Opinion filed: July 3, 2013.

---

Burl Anderson Howell, La Grange, NC, pro se.

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Burl Anderson Howell, appeals from the United States District Court for the District of Delaware's order dismissing his civil complaint. For principally the reasons given in the District Court's Memorandum, we will summarily affirm. *See* 3d Cir. LAR 27.4; I.O.P. 10.6.

### I.

In 1994 Howell pleaded guilty and was convicted of second-degree forgery and second-degree perjury arising out of his forgery of his deceased brother's will. *See In re Petition of Howell*, No. 126, 2007, 2007 WL 1114123 (Del. Apr. 16, 2007). Howell was ultimately ordered to pay restitution directly to a claimant of his brother's estate, who is a defendant in this case.[1] In 2012, Howell, proceeding pro se and in forma pauperis, filed a complaint, which he later amended, seeking relief pursuant to 42 U.S.C. § 1983 and Delaware state law. Howell named as defendants three judges in the Delaware state courts, a Delaware state court commissioner, the claimant of his deceased brother's estate, two of the claimant's attorneys, and a law firm where one of the attorneys was employed. Generally, Howell alleged that the defendants, all connected to the litigation that resulted in the order of restitution, violated Howell's constitutional rights, and that Del.Code Ann. tit. 11, § 4106, which governs the imposition of restitution in certain criminal cases, was unconstitutional. Howell also raised state-law claims. Howell sought compensatory damages, punitive damages, injunctive relief, and declaratory relief. The District Court held that the federal claims were frivolous and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court also concluded that amendment of the complaint would be futile and did not exercise supplemental jurisdiction over Howell's state law claims.

### II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) for failure to state a claim is plenary, and "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000) (quoting *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)) (internal quotation marks omitted). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir.2011) (per curiam).

---

1. The District Court's January 14, 2013 Memorandum contains a comprehensive discussion of the relevant background. *See Howell v. Young*, No. 12–1112, 2013 WL 164859, at * 1–2 (D.Del. Jan. 14, 2013).

## III.

■ The District Court properly dismissed Howell's claims against defendants Judge Robert B. Young, Justice Henry duPont Ridgley, Justice Jack B. Ross, and Commissioner Andrea Maybee Freud. Howell's claims against these defendants related to actions taken in their judicial capacities. As judicial officers they are entitled to absolute judicial immunity from claims for damages.[2] *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); 10 Del.Code Ann. tit. 10, §§ 1315–1316 (establishing that Commissioners in the Delaware state court system are judicial officers). Although "immunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded," *Kennedy v. City of Cleveland,* 797 F.2d 297, 300 (6th Cir.1986), the District Court did not err in raising it sua sponte because the defect was clear from the face of Howell's complaint. *Ray v. Kertes,* 285 F.3d 287, 296 (3d Cir.2002).

■ Howell requested injunctive relief in the form of orders variously prohibiting the judicial defendants from employing certain constructions and applications of section 4106. Pursuant to § 1983, when an action is brought against a judicial officer acting in their official capacity, injunctive relief is prohibited "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Azubuko v. Royal,* 443 F.3d 302, 303–04 (3d Cir.2006) (per curiam). Howell has neither alleged nor established such a basis for relief. Consequently, injunctive relief is statutorily prohibited.

■ The District Court properly dismissed Howell's claim that section 4106 was unconstitutionally applied by the Delaware Superior Court. Section 4106 provides that an individual convicted of depriving another of property shall be liable "to each victim of the offense" for the value of the property lost. Del.Code Ann. tit. 11, § 4106. Howell alleged that section 4106 did not permit the restitution payment to be made directly to the claimant, who was not a victim of the offense. Despite Howell's argument to the contrary, the Rooker–Feldman doctrine bars review of this claim. The Rooker–Feldman doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 165 (3d Cir.2010). The Rooker–Feldman doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Howell's as-applied challenge satisfies the four Rooker–Feldman doctrine requirements. Therefore, review of the state court's application of section 4106 is barred. *See id.*

To the extent that Howell asserts a facial attack on section 4106, arguing that the statute as written violates constitutional due process, he lacks standing.[3] *See*

---

**2.** We agree with the District Court's conclusion that Howell failed to set forth facts demonstrating that the defendants acted in the clear absence of jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

**3.** Although the District Court did not address the issue of standing, "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts.'" *Arizonans for Official English v. Arizona,* 520 U.S. 43, 73, 117 S.Ct.

*Mosby v. Ligon,* 418 F.3d 927, 933–34 (8th Cir.2005) (holding that plaintiff lacked standing to bring facial challenge when as-applied challenge was barred by the Rooker–Feldman doctrine).

We agree with the District Court's conclusion that, for purposes of § 1983, the remaining defendants are not state actors and did not act under color of state law. *See* 42 U.S.C. § 1983; *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir.1995) ("[T]here is no liability under § 1983 for those not acting under color of law."); *Steward v. Meeker,* 459 F.2d 669, 670 (3d Cir.1972) (per curiam) (holding that private counsel does not act under color of state law). Consequently, Howell failed to state a claim against the defendants who were not judicial officers. Because the defects in Howell's complaint were incurable, the District Court did not abuse its discretion concluding that amendment would have been futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Finally, we conclude that the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Howell's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Borough of W. Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995).

## IV.

For the foregoing reasons, no substantial question is presented by this appeal. Accordingly, we will summarily affirm the judgment of the District Court. *See* 3d Cir. LAR 27.4; I.O.P. 10.6.

1055, 137 L.Ed.2d 170 (1997) (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934)).