**CLD-097**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3298
_____

SYE C. NEWTON,
                                        Appellant

v.

CITY OF WILMINGTON, Municipal Government;
IPEK KURUL, Deputy Attorney for Attorney General-State of Delaware;
BRIAN ROBERTSON, Deputy Attorney General-State of Delaware;
ATTORNEY ANDREW WITHERELL;
ATTORNEY RAYMOND RADULSKI;
DIANE CLARKE STREET, Superior Court Judge-State of Delaware;
JANE OR JOHN DOE, New Castle County Court House Clerks;
THEOPALIS GREGORY, City Council President;
PUBLIC DEFENDER BRENDAN J. O'NEILL;
LEO STRINE, Chief Justice, Supreme Court of Delaware;
RANDY HOLLAND, Justice for the Supreme Court of Delaware;
KAREN VALIHURA, Justice for the Supreme Court of Delaware;
OFFICE OF CONFLICTS COUNSEL, Assign Attorneys in Cases with Conflict;
ATTORNEY GENERAL DELAWARE;
JANE M. BRADY, Superior Court Judge-State of Delaware
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-16-cv-00267)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2017
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  January 19, 2017)

1

_____

OPINION[*]

_____

PER CURIAM

Sye C. Newton appeals the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, we will summarily affirm the District Court's order.

The details of Newton's claims are set forth in the District Court's opinion and need not be discussed at length. Briefly, Newton alleged that he was coerced into entering plea agreements in two criminal cases through fraud and threats. He also contended that there was a conspiracy to hinder his ability to invalidate his guilty pleas. As defendants, he named the City of Wilmington, the Office of Conflicts Counsel, and several attorneys, judges, and judicial employees who were involved in his criminal proceedings. In his 100-paragraph complaint, he complained about nearly every step in his criminal proceedings. He also requested a comprehensive investigation of racial discrimination in the Delaware justice system. The District Court dismissed the complaint before service of process as frivolous and because several defendants were immune from suit. The District Court also determined that any amendment would be futile.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Newton filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. 1291. If there is no substantial question presented in the appeal, we may summarily affirm the District Court's order. See Third Circuit LAR 27.4.

Given that Newton spends much of his complaint claiming that his guilty pleas were invalid, the District Court correctly noted that to the extent that relief on his claims would necessarily imply the invalidity of his conviction, the claims were barred. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated).

To the extent that Newton's claims are not barred by Heck, they fail on other grounds. The attorneys who represented Newton in his criminal proceedings are not state actors for the purposes of 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders not state actors); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (privately-retained defense counsel not state actor). Newton's repeated, conclusory allegations of conspiracy are not sufficient to plead a claim that the defense attorneys conspired with any state actors. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); see generally Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (private party can be liable under 42 U.S.C. § 1983 if he willfully participates in joint activity with a state actor).

The remaining individual defendants named by Newton are immune from suit. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges not civilly liable for judicial acts); Imbler v. Pachtman, 424 U.S. 409, 410 (1976) (prosecutorial immunity). To the extent that the state court clerks are not protected by quasi-judicial immunity, see

3

Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000), Newton does not plausibly allege that the docketing errors in his criminal proceeding were the result of anything but mere negligence. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

As for the organizational defendants, the District Court was correct that the City of Wilmington could not be held liable under 42 U.S.C. § 1983 unless the alleged violation was caused by an official policy or custom. See Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 691 (1978). The allegations in the complaint do not plausibly reflect any such violation of Newton's rights. While Newton alleged that the Office of Conflict Counsel assigned an attorney who waived his preliminary hearing, he does not explain how this action prejudiced him. And to the extent that relief on this claim would invalidate his conviction, it is barred by Heck as discussed above.

While generally a plaintiff should be given leave to amend a complaint subject to dismissal, the District Court correctly determined that allowing Newton leave to amend his complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Based on his current allegations, we can imagine no additional facts Newton could plead that would overcome the deficiencies in his complaint.[1]

---

[1] Because Newton did not support his request for an investigation of the Delaware criminal justice system with sufficient, plausible allegations, the District Court did not err in refusing to grant him the expansive injunctive relief he requested. See Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (past exposure to illegal conduct not sufficient for standing for prospective relief).

4

For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.  Newton's motion for the appointment of counsel is denied.