**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3654
_____

WILLIAM A. HIMCHAK, III, Navy Veteran,
                                                          Appellant

v.

DANIEL DYE, Deputy Atty. General, Comm of PA - Office Atty. General;
COMMONWEALTH OF PENNSYLVANIA  PENNSYLVANIA STATE POLICE;
CRAIG BOWMAN, LT. Current Station CMDR - FMR. Internal Affairs Dept.;
ROBERT JOHNSON, LT. - Former Station CMDR; COMMONWEALTH OF
PENNSYLVANIA  FRANKLIN COUNTY COURT OF COMMON PLEAS -
JUDGES;  DOUGLAS W. HERMAN, Pres. Judge; ANGELA KROM, Judge; CAROL
VAN HORN,  Judge; COMMONWEALTH OF PENNSYLVANIA  FRANKLIN
COUNTY COURT OF COMMON PLEAS; MICHAEL TOMS, Atty. - Chief Public
Defender; SCOTT THOMAS, Att. - Asst. Public Defender - FMR Public Defender - Aug
2012; MATTHEW D. FOGAL, District Atty.; ZACHARY I. MILLS, Asst. Dist.; TODD
SPONSELLER, Atty. - Former Public Defender - July 2014/03 Dec 2014;
TODD R. WILLIAMS, MDJ - Magistrate District Judge (MDJ) - 39-03-04;
DAVID L. PLUM, MDJ - Magistrate District Judge (MDJ) - 39-03-03;
LARRY G. PENTZ, MDJ - Magistrate District Judge (MDJ) - 39-02-02;
PUBLIC OPINION NEWSPAPER; GERARD N. MANGIERI, Asst. District Attorney;
ATTORNEY MALLARY WILLATT; ATTORNEY DAVID ERHARD;
SGT. MATTHEW CODY, Chmbg. Police Dept.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-02394)
District Judge:  Honorable Yvette Kane
_____

PER CURIAM

William Himchak III appeals the District Court's order dismissing his complaint. For the reasons below, we will affirm the District Court's judgment. Before reaching the merits of his claims, however, we must address the scope of our jurisdiction over the appeal as well as whether Himchak's competency required the appointment of a guardian.

Jurisdiction

In her Report and Recommendation dated April 8, 2016, the Magistrate Judge recommended that the District Court grant Appellees' motion to dismiss and that it also dismiss Himchak's amended complaint pursuant to the screening procedures of 28 U.S.C. §§ 1915A(a) & 1915(e)(2). In an order dated April 28 and entered on May 2, the District Court adopted the Report and Recommendation and dismissed Himchak's amended complaint. On May 2, the Court also received Himchak's objections to the Report and Recommendation. On May 10, Himchak filed a document titled "Appeal to Order (28

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

April 2016)." In this document, he challenged the District Court's order adopting the Report and Recommendation and granting the motion to dismiss.

On July 19, 2016, the District Court noted that Himchak had filed objections to the Report and Recommendation, which were received after the District Court's order was entered. It believed that the objections were not timely filed and that it was not required to consider them. It determined that even if it had considered the objections, it would have overruled them and adopted the Report and Recommendation. The District Court stated that it would not disturb its order adopting the Report and Recommendation. It also concluded that none of Himchak's filings since the order could be considered as a post-dismissal motion or a notice of appeal and denied the filings to the extent he sought any relief. On August 9, 2016, Himchak filed a submission that was docketed as a notice of appeal.[1]

At first glance, the notice of appeal appears to be timely only as to the July 19 order of the District Court. However, we believe that Himchak's May 10 filing titled "Appeal to Order (28 April 2016)" should be considered either a timely post-judgment motion or a timely notice of appeal. See Gov't of the Virgin Islands v. Mills, 634 F.3d 746, 751 (3d Cir. 2011) (liberal construction of pro se notices of appeal). Either way, we

---

constitute binding precedent.

[1] In his notice of appeal, Himchak states that if the alleged "deed fraud" by the Appellees—which he challenged in a separate District Court action—is not remedied, he will "do citizen's arrest/vigilante justice!" Himchak had an opportunity to challenge the sale of his property. We strongly caution him that unlawful actions are not an appropriate response to an unsuccessful legal challenge.

3

have jurisdiction over the District Court's May 2 order adopting the Report and Recommendation and dismissing Himchak's amended complaint. See Fed. R. Civ. P. 4(a)(4)(A) (time to appeal runs from order disposing of certain post-judgment motions). Moreover, as the District Court's May 2 order contains its reasoning for its disposition, it did not comply with the separate judgment rule set forth in Fed. R. Civ. P. 58(a), which requires that every judgment must be set out in a document separate from the opinion. Witasick v. Minnesota Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015) (order must omit reasoning to be considered a separate document). Thus, the judgment was not entered until 150 days after the May 2 order was entered on the docket, and the August 9 notice of appeal is timely as to the May 2 order. See Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 58(c)(2)(B).

Competency

Himchak's amended complaint was dated November 5, 2015. As noted by the Magistrate Judge, on December 8, 2015, the state court handling his criminal proceedings found Himchak incompetent to stand trial. Once a litigant is determined to be incompetent, a District Court may not weigh the merits of the claims beyond the screening required by 28 U.S.C. §§ 1915A & 1915(e)(2). Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012). Himchak states that he was released from the hospital in May 2016. It is not clear from the state court docket when the state court found that

4

Himchak's competency had been restored,[2] but it appears that the criminal proceedings have resumed. Here, while the District Court granted Appellees' motion to dismiss, it also dismissed the complaint pursuant to the screening procedures of §§ 1915A(a) & 1915(e)(2). Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c). See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (court of appeals may affirm on any basis supported by the record).

Merits

We now turn to the merits of Himchak's appeal. While the facts and legal arguments in Himchak's amended complaint were not clearly expressed, the District Court determined that Himchak was challenging two state court criminal actions against him, a protection from abuse order obtained by his wife, and an action to quiet title related to the tax sale of his property. Himchak brought a multitude of grievances based on Appellees' involvement in these actions; however, the allegations fail to state a claim for relief.

Besides arguing in his brief that the District Court has ignored the Appellees' allegedly retaliatory actions against him, Himchak does not explicitly challenge the District Court's reasoning for its dismissal of his claims. He argues that the Appellees are withholding state court transcripts which will validate his claims, but does not

---

[2] Two entries made on the state court docket in May 2016 were sealed.

describe how any specific details in the transcripts would state a claim for relief. He contends that his incarceration and prosecution were politically motivated. He also complains of the District Court's decision in another of his cases, but that decision is not before us. He sets forth new claims based on events occurring after the filing of his amended complaint and after the District Court's decision at issue here. Those claims also are not before us. Of the allegations that are within the scope of our review, we agree with the District Court that they fail because (1) the laws he relies on do not provide for a private cause of action; (2) the defendants are immune from suit or not state actors; and (3) the allegations do not satisfy the elements of the causes of action.

The District Court was correct that the Declaration of Human Rights cannot provide the basis for any claims. The Declaration is a non-binding declaration that provides no private rights of action. Sosa v. Alvarez–Machain, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."). To the extent that Himchak requested that criminal charges be brought against defendants under the federal racketeering statute, 18 U.S.C. § 1957, an individual has no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws).

The District Court did not err in concluding that several Appellees are not state actors for the purposes of 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48-49

6

(1988) (conduct complained of must be committed by person acting under color of state law). The attorneys with the "Women in Need" organization who purportedly violated Himchak's constitutional rights by coercing his wife into filing for a Protection From Abuse order are not state actors. See Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980) (lawyers not state actors simply because they are licensed by the state). Neither are the attorneys who represent Himchak in his criminal proceedings. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders not state actors); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (privately-retained defense counsel not state actor). Himchak's conclusory allegations of conspiracy are not sufficient to plead a claim that these attorneys conspired with any state actors. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (facts alleged must state a claim with facial plausibility); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (conclusory allegations that defendants acted unlawfully not sufficient to state a claim); see generally Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (private party can be liable under 42 U.S.C. § 1983 if he willfully participates in joint activity with a state actor). The judges and prosecutors Himchak named as defendants are immune from liability. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges not civilly liable for judicial acts); Imbler v. Pachtman, 424 U.S. 409, 410 (1976) (prosecutorial immunity).

Himchak's claims of false arrest and malicious prosecution against Sergeant Cody and Police Chief David Arnold also fail. To state a claim for false arrest, Himchak must allege that he was arrested without probable cause. See James v. City of Wilkes-Barre,

7

700 F.3d 675, 680 (3d Cir. 2012). Probable cause exists when the facts known to an officer are sufficient to warrant a reasonable person to believe that the offense has been committed. Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). Because Himchak was arrested pursuant to a warrant, he must plausibly allege that when applying for the warrant, Sergeant Cody made false statements which were necessary for the finding of probable cause. See Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000). Himchak alleged that Cody never interviewed him before bringing wiretapping charges against him. However, Himchak does not explain how that resulted in the Affidavit of Probable Cause being "fraudulent."[3] Even if Himchak had been interviewed and disputed the factual allegations in the Affidavit, the probable cause standard does not require officers to correctly resolve credibility determinations or conflicting evidence. See Wright v. City of Philadelphia, 409 F.3d 595, 603 (3d Cir. 2005).

The malicious prosecution claim fails because Himchak has not alleged that the criminal proceedings have terminated in his favor. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).[4] Nor, as discussed above, has he set forth any plausible allegations that the prosecution was initiated without probable cause.

_____

[3] In the Affidavit, Sergeant Cody accused Himchak of intercepting, disclosing, or using wire, electronic or oral communications. He alleged that two of Himchak's phone conversations with employees of the county's tax services department had been recorded and posted online. The employees recognized the conversations, and the phone used to call them was associated with Himchak. Neither employee authorized the recording of the conversation. Himchak does not dispute any specific allegation in the Affidavit.

[4] To state a claim of malicious prosecution, Himchak must allege that the defendants

8

With respect to Chief Arnold, Himchak does not allege any personal involvement by Arnold in the actions that purportedly harmed him. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

The District Court provided Himchak with two opportunities to amend his complaint and gave him instructions on how to do so; it did not abuse its discretion in refusing him another chance to amend. Moreover, based on his current allegations, we can imagine no additional facts Himchak could plead that would overcome the deficiencies in his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (opportunity to amend not required if it would be futile).

For the above reasons, we will affirm the District Court's judgment. Himchak's motions are denied.

---

maliciously initiated a criminal proceeding without probable cause, which ended in Himchak's favor, and that he suffered a deprivation of liberty. See Curry, 835 F.3d at 379.