BLD-212                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1436
_____

RONALD GRAHAM,
also known as
ROLAND GRAHAM,
Appellant

v.

DOUGLAS P. EARL, ATTORNEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00386)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 1, 2021

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: July 6, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roland Graham[1], a pretrial detainee proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to state a claim. For the reasons described below, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. Graham is currently incarcerated at the Philadelphia Industrial Correctional Center. At the time he filed his complaint he was awaiting trial on several charges, including attempted murder. In January 2021, Graham filed a complaint under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights. Graham, who is African American, stated that retained defense counsel, Douglas P. Earl, had racially discriminated against him by not providing him the same level of defense as Earl provides for his white clients. Graham seeks damages and the return of the retainer he paid Earl.

The District Court screened Graham's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it with prejudice and without leave to amend. Graham timely filed his notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, a complaint must set

[1] Also known as Ronald Graham.

out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009).  We accept all factual allegations in the complaint as

true and construe them in the light most favorable to the plaintiff, Fleisher v. Standard

Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Graham's filings liberally,

see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  We may summarily affirm

"on any basis supported by the record" if the appeal fails to present a substantial question.

See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R.

27.4; I.O.P. 10.6.

III.

"To state a claim under § 1983, a plaintiff must . . . show that the alleged

deprivation was committed by a person acting under color of state law."  West v. Atkins,

487 U.S. 42, 48 (1988).  As the District Court recognized, attorneys representing

individuals in criminal proceedings generally are not state actors for purposes of § 1983.[2]

See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public

defender does not act under color of state law when" acting as "counsel to a defendant in

a criminal proceeding"); Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982), abrogated on

other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368

n.7 (3d Cir. 1992) (noting that "no color of state law attache[s] to the functions of court-

---

[2] The District Court also correctly determined that, to the extent that Graham's claims could be construed as state law claims, he failed to establish an alternative basis for jurisdiction because he did not allege that there was the necessary diversity of citizenship or amount in controversy.  See 28 U.S.C. § 1332(a); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015); Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999).

appointed counsel"); <u>Steward v. Meeker</u>, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam)

(finding privately retained defense counsel is not a state actor).  The District Court thus

properly dismissed Graham's § 1983 claims because Earl is a private—not state—actor.[3]

Under these circumstances, the District Court did not abuse its discretion in concluding

that it would be futile to grant Graham leave to amend his complaint.  <u>See</u> <u>Grayson v.</u>

<u>Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).[4]

     Accordingly, we will summarily affirm the District Court's judgment.[5]

---

[3] Graham does not allege that Earl conspired with state officials, or otherwise engaged in activity that may have brought his actions "under color of" state law.  <u>See</u> <u>Tower v. Glover</u>, 467 U.S. 914, 923 (1984); <u>Great W. Mining & Min. Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010).

[4] Having dismissed Graham's complaint, the District Court properly denied Graham's subsequently filed motions as moot.

[5] In light of our disposition, Graham's motion for appointment of counsel is denied.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-56 (3d Cir. 1993).  We have considered the arguments Graham raised in support of his appeal and conclude they are unpersuasive.