DLD-203                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1663
_____

WILLIAM JOSEPH WEBB, JR.,
Appellant

v.

BRIAN J. CHAPMAN; LAW OFFICES OF BRIAN J. CHAPMAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:20-cv-00270)
District Judge: Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2021
Before: JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: July 14, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William J. Webb, Jr., a pretrial detainee proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint and denying his motions to amend the complaint, to disqualify counsel, for appointment of counsel, for default judgment, and for injunctive relief. For the reasons described below, we will summarily affirm.

I.

In December 2019, Webb filed a complaint in state court pursuant to 42 U.S.C. § 1983 and the Delaware Constitution[1] against Brian J. Chapman, an attorney who apparently represented Webb in criminal proceedings, and the Law Offices of Brian Chapman. Webb alleged that the defendants violated his rights to effective assistance of counsel and to a fair trial by, inter alia, sharing information with the Deputy Attorney General that was used to secure an indictment against Webb and failing to secure his release when he was falsely arrested, imprisoned, and maliciously prosecuted.

The defendants removed the matter to the United States District Court for the District of Delaware and later moved to dismiss. Webb moved to strike the motion to dismiss, to disqualify defense counsel, to amend his complaint, and for appointment of counsel, default judgment, and injunctive relief. The District Court granted the motion to

---

[1] Webb also pointed to Del. Code Ann. tit. 10, § 8106, as providing a basis for his lawsuit; however, that provision merely describes the statute of limitations applicable to various categories of civil actions.

dismiss, denied Webb's motion to amend, and denied Webb's remaining motions as moot. Webb timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Webb's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

"To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). As the District Court recognized, attorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public

3

defender does not act under color of state law when" acting as "counsel to a defendant in a criminal proceeding"); Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992) (noting that "no color of state law attache[s] to the functions of court-appointed counsel"); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (finding privately retained defense counsel is not a state actor). The District Court thus properly dismissed Webb's § 1983 claims because Chapman and his law office are private—not state—actors.

Although defense attorneys may act "under color of" state law when they conspire with state officials to deprive a person of his or her federal rights, see Tower v. Glover, 467 U.S. 914, 923 (1984), a plaintiff pleading unconstitutional conspiracy "must assert facts from which a conspiratorial agreement can be inferred," Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). Webb's bare assertion that Chapman provided the Deputy Attorney General with privileged information failed to plausibly allege any conspiracy, and the conclusory allegations in his proposed amended complaint and other filings in the District Court fared no better. Under these circumstances, the District Court did not err in finding amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[2]

---

[2] Having dismissed Webb's complaint, the District Court properly denied Webb's outstanding remaining motions as moot.

IV.

Because this appeal does not present a substantial question, we will affirm the

judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[3]

---

[3] In light of our disposition, Webb's motion for remand with jurisdiction retained is denied. We have considered the arguments raised in that motion and conclude they are without merit and therefore do not warrant further discussion.