**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2798

_____

ABUSSAMAA RASUL RAMZIDDIN,
Appellant

v.

ANGELO J. ONFRI, ESQ, is sued in his individual and official capacity,
as the Mercer County Prosecutor's Head Prosecutor;
HEATHER HADLEY, ESQ, is sued in her individual and official capacity,
as the Mercer County Prosecutor; SKYLAR S. WEISSMAN, ESQ,
of Helmer, Conley, & Kasselman, P.A. is sued in his individual and
official capacity; DETECTIVE ALICIA BERGONDO, is sued in her official
capacity, as a Mercer County Prosecutor's Office Detective

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:19-cv-17578)
District Judge:  Honorable Zahid N. Quraishi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: March 22, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Abussamaa Rasul Ramziddin, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey granting the appellees' motions to dismiss. For the reasons that follow, we will affirm.

In 2020, Ramziddin filed this pro se action against Mercer County Prosecutor Angelo J. Onofri,[1] Assistant Prosecutor Heather Hadley, and Detective Alicia Bergondo (collectively, "MCPO defendants"), and his former defense counsel, Skylar Weissman, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, and the New Jersey Constitution, related to criminal charges that were brought against him and later dismissed when the state determined that it could not meet its burden. The MCPO defendants and Weissman filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted the motions, concluding that the MCPO defendants were immune from suit and that Ramziddin failed to state a claim against Weissman. Ramziddin now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over both a District Court's dismissal under Rule 12(b)(6) and its grant of immunity. See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

[1] While this defendant's surname was spelled "Onfri" in the complaint and case caption, it appears that the correct spelling is "Onofri."

state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up).

While § 1983 "provides that every person who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages," Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (cleaned up), "prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process," Burns v. Reed, 500 U.S. 478, 486 (1991) (cleaned up). In assessing a § 1983 claim against a prosecutor, "courts must focus upon the functional nature of the activities rather than the prosecutor's status to determine whether absolute immunity is warranted." Fogle v. Sokol, 957 F.3d 148, 159 (3d Cir. 2020) (cleaned up). Similarly, police officers who testify in criminal proceedings are protected by absolute witness immunity from suits under § 1983. See Rehberg v. Paulk, 566 U.S. 356, 369 (2012).

Here, taking the allegations in Ramziddin's complaint as true, the District Court correctly held that Onofri and Hadley were immune from suit for their conduct in making charging decisions, negotiating plea agreements, and presenting evidence. These were undeniably activities "intimately associated with the judicial phase of the criminal process," for which Onofri and Hadley were absolutely immune from suit. See Imbler, 424 U.S. at 410, 430–31 (explaining that prosecutors are immune from suit for initiating and pursuing a criminal prosecution); Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992) (explaining that prosecutors are absolutely immune from suit for soliciting

3

testimony—even false testimony—from witnesses in grand jury proceedings).[2] Similarly, Bergondo's testimony before the grand jury, even if false or fabricated, falls squarely within the witness immunity principles of the Supreme Court and this Court. See Kulwicki, 969 F.2d at 1467 (explaining that witnesses who testify falsely are protected by absolute immunity); see also Rehberg, 566 U.S. at 369.

The same holds true for Ramziddin's claims under § 1985. See Waits v. McGowan, 516 F.2d 203, 205 (3d Cir. 1975) (evaluating claims under §§ 1983 and 1985 in tandem and determining that the prosecutor defendant was immune from suit). Moreover, even if the MCPO defendants were not immune from suit under § 1985, Ramziddin failed to state a claim because he did not sufficiently allege discrimination on account of his race or any other class-based grounds.[3] See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (requiring racial or "otherwise class-based, invidiously discriminatory animus"); D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (explaining that conclusory allegations are insufficient to state a claim under § 1985(3)). Ramziddin also failed to allege sufficient facts from which one could infer a conspiratorial agreement to deprive him of the equal protection

---

[2] To the extent that Ramziddin alleged that Onofri was liable for failing to supervise Hadley, liability under § 1983 cannot be predicated on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

[3] Because the other two subsections of § 1985 clearly do not apply here, see 42 U.S.C. § 1985(1) (concerning conspiracies to prevent officers from performing their duties); 42 U.S.C. § 1985(2) (concerning conspiracies to obstruct justice or intimidate a party, witness, or juror), this claim is properly analyzed under § 1985(3).

of the laws, or to elevate his allegations of conspiracy to a level that is plausible rather than merely conceivable. See D.R. by L.R., 972 F.2d at 1377; Iqbal, 556 U.S. at 678. And because Ramziddin failed to state a viable claim under § 1985, his § 1986 claim also fails. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980).[4]

We also agree with the District Court's conclusion that Ramziddin failed to state a claim against Weissman. In a suit under § 1983, "[the] color of state law element is a threshold issue," and there is no liability if the defendant is not acting under color of state law. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). As a privately retained attorney, Weissman did not act under color of state law. See Steward v. Meeker, 459 F.2d 669, 669–70 (3d Cir. 1972) (per curiam) (privately retained defense counsel not state actor); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980) (per curiam) (lawyers not state actors simply because they are licensed by the state). As for the claims under §§ 1985 and 1986, although defense attorneys may act "under color of" state law when they conspire with state officials to deprive a person of his or her federal rights, see Tower v. Glover, 467 U.S. 914, 923 (1984), a plaintiff pleading unconstitutional conspiracy "must assert facts from which a conspiratorial agreement can be inferred," Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). Ramziddin's bare assertion that Weissman conspired with the MCPO defendants was inadequate to plausibly allege any conspiracy.

---

[4] To the extent that Ramziddin raised § 1988 claims, those claims are also meritless, as § 1988 is inapplicable where substantive law denies a plaintiff any right to relief.

Lastly, we conclude that the District Court did not err by declining to give

Ramziddin an opportunity to amend the complaint to better support his claims, as the

flaws in his claims rendered any attempt at amendment futile. <u>See</u> <u>Phillips v. Cnty. of</u>

<u>Allegheny</u>, 515 F.3d 224, 245 (3d Cir. 2008).[5]

For these reasons, we will affirm the judgment of the District Court.

---

[5] To the extent that Ramziddin raised claims for the first time in his response in opposition to the defendants' motions to dismiss, the District Court properly declined to address them. <u>See generally</u> <u>Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.</u>, 877 F.3d 136, 146 (3d Cir. 2017). And because those claims are entirely meritless, it would have been futile to allow amendment of the complaint to properly raise them. Additionally, any claims not raised in Ramziddin's opening brief on appeal are forfeited, <u>see</u> <u>id.</u>, and to the extent that Ramziddin's opening brief contains new arguments not raised in the District Court, we decline to consider them, <u>see</u> <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 88 n.12 (3d Cir. 2013).